E-FILED
Thursday, 25 April, 2019  03:42:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CONNIE WONG,                          )
                                      )
            Plaintiff,                )
                                      )
v.                                    )     No.    2019-cv-2108
                                      )
THE FLIGHTSTAR CORPORATION,           )
                                      )
            Defendant.                )

## NOTICE OF REMOVAL

NOW COMES the Defendant, THE FLIGHTSTAR CORPORATION ("Flightstar,") by its attorneys, Meyer Capel, A professional Corporation, and for its Notice of Removal states as follows:

1.      Defendant Flightstar hereby removes the above-captioned action to the United States District Court for the Central District of Illinois, pursuant to 28 U.S.C.A. §§ 1441(a) and 1441(c).  The basis for Federal Court jurisdiction is 28 U.S.C.A. § 1331.

2.      Flightstar is a defendant in the action entitled Connie Wong v. The Flightstar Corporation, Case No.: 2019-L-36, pending in the Circuit Court of the State of Illinois, Champaign County.

3.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of all "process, pleadings, and orders" served upon Flightstar in this action to date.

4.      Plaintiff alleges in her Complaint that the activities of the defendant, its employees, supervisors and managers, violate the laws of the State of Illinois, the Americans with Disabilities Act and Title VII's prohibition against unlawful discrimination in employment on the basis of race, sex, religion, color, national origin, or disability.

5.      Because plaintiff's action involves a claim arising under the law of the Unites States, the action is removable to this Court pursuant to 28 U.S.C.A. §§ 1441(a) and 1441(c).

6.      Plaintiff's Summons and Complaint were received by Flightstar on April 15, 2019. Therefore, this Notice of Removal is being filed in a timely manner pursuant to 28 U.S.C. § 1446(b).

7.      Written notice of the filing of this Notice of Removal will be given to plaintiff. Written notice of this Notice of Removal and a copy thereof will be filed with the Circuit Court of the State of Illinois, County of Champaign, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendant, THE FLIGHTSTAR CORPORATION, prays this action to proceed to this Court as an action properly removed thereto.

Respectfully submitted,
THE FLIGHTSTAR CORPORATION, Defendant
Respectfully submitted,

By: **s/ Lorna K. Geiler_____**
Lorna K. Geiler, ARDC No. 6192940
Attorney for the Defendant
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com

**CERTIFICATE OF SERVICE OF ATTORNEY**

I hereby certify that on April 25, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL,** with the Clerk of the Court using the CM/ECF system.

The undersigned also certifies that a copy of the **NOTICE OF REMOVAL** electronically filed with the Clerk of the Court using the CM/ECF system was sent to:

Connie Wong
941 E Golf Rd. #4
Arlington Heights, IL 60005

via email to: conwon168@gmail.com and a hard copy via Certified Mail, Return Receipt by depositing the same in the U.S. Mail at the United States Post Office located at 600 N. Neil St., Champaign, IL 61820, properly addressed and with proper postage affixed thereto this 25th day of April, 2019.

**s/Lorna K. Geiler**
Lorna K. Geiler, No. 6192940
Attorney for the Defendant
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com

CIRCUIT COURT OF ILLINOIS
Sixth Judicial District
Champaign County

CONNIE WONG
Petitioner(s)

vs.

THE FLIGHTSTAR CORPORATION          Case No: 19 L 36
Respondent(s)

## SUMMONS
### (30 Days)

To the Respondent:

You are summoned and required to file a written answer or other pleading at the Champaign County Courthouse in the office of the Clerk of the Circuit Court, 101 E Main Street, Urbana, Illinois, within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKING IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local Circuit Clerk's office.

To the Officer:

This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed.

This Summons may not be served later than 30 days after its date.

3/28/2019 , 20

_Katie M. Blakeman_ JH
Clerk of the Circuit Court

Name and Address of Petitioner's Attorney or
Petitioner (if not represented by an attorney):

Name: CONNIE WONG
ARCD #:
Address: 941 E GOLF RD, #4
City/State/Zip Code: ARLINGTON HEIGHTS, IL 60005
Phone Number: 312.833.0799
Email Address: CONWON168@GMAIL.COM

Date of Service: 3/15 , 2019
(to be inserted by officer on the copy left with the Respondent or other person)

Katie M. Blakeman
Clerk of the Circuit Court
101 E Main Street
Urbana, IL 61801

**EXHIBIT A**

1   CONNIE WONG
2   941 E. Golf Road, #4
    Arlington Heights, IL 60005
3   Tel.: 312.833.0799
    conwon168@gmail.com
4
    *Plaintiff in Pro Per*
5



FILED
SIXTH JUDICIAL CIRCUIT

MAR 1 2 2019

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

6               IN THE CIRCUIT COURT OF ILLINOIS
7           CHAMPAIGN COUNTY, SIXTH JUDICIAL CIRCUIT

8
9   CONNIE WONG,                          Case No.:  19 L 36

10          Plaintiff,

11  vs.                                   EEOC Charge No.: 440-2018-07693

12  FLIGHTSTAR CORPORATION,
                                          COMPLAINT OF DISCRIMINATION, FAILURE
13          Defendant                     TO ACCOMMODATE, RETALIATION,
                                          HOSTILE WORK ENVIRONMENT,
14                                        WRONGFUL TERMINATION, AND
                                          VIOLATIONS OF THE ILLINOIS HUMAN
15                                        RIGHTS ACT ("ILHRA"), THE AMERICAN
                                          WITH DISABILITIES ACT ("ADA"), AND
16                                        TITLE VII OF THE CIVIL RIGHTS ACT OF
                                          1964, AS AMENDED ("TITLE VII")DEMAND
17                                        FOR JURY TRIAL

18

19                              __INTRODUCTION__

20

21

22  1.      Plaintiff, Ms. Connie Wong began employment with Defendant, FlightStar Corporation,

23  on or about November 9, 2017 as a flight attendant.

24  2.      Plaintiff filed a Reasonable Accommodation (RA) request with Defendant, which

25  Defendant refused to process, and then wrongfully terminated Plaintiff. Plaintiff also

26

27  COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK
    ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS
28  ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL
    RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 1

                                __EXHIBIT A__

1   experienced retaliation, a hostile work environment, and other discrimination while employed

2   with Defendant.

3   3.      Plaintiff's claims against her employer, FlightStar, allege violations of the Illinois Human

4

5   Rights Act ("ILHRA"), 775 ILCS 5; the Americans with Disabilities Act of 1990, as amended,

6   ("ADA"), 42 U.S.C. § 12101, et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

7   2000e, ("Title VII"), which prohibit employers from discriminating on the basis of race, sex,

8   religion, color, national origin, or disability, and retaliating against employees for filing

9   complaints or Reasonable Accommodation (RA) requests.

10

11  4.      Plaintiff seeks economic and pecuniary damages against Defendant for said violations.

12

13                              **JURISDICTION AND VENUE**

14  5.      Although there are federal questions in this case, this Court has jurisdiction per the Equal

15  Employment Opportunity Commission's ("EEOC") Dismissal and Notice of Rights sent to

16

17  Plaintiff – See Exhibit A.

18  6.      Venue is proper in Champaign County in the Sixth Judicial Circuit of Illinois, as a

19  substantial part of the events and omissions giving rise to these claims occurred in this Circuit.

20

21                                     **PARTIES**

22

23  7.      Plaintiff, Ms. Connie Wong, is a military veteran with disabilities recognized by the

24  ILHRA and ADA as disabilities.  She is also a member of the ILHRA, Title VII, and ADA

25  protected classes.  Ms. Wong was an employee of Defendant, and prior to working for

26

27  COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK
    ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS
28  ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL
    RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 2

                                     **EXHIBIT A**

FlightStar, she graduated from Beyond and Above Corporate Flight Attendant School in July 2017.

8.     Defendant, FlightStar Corporation, is an aviation corporation located in Savoy, Illinois, that employs more than 15 employees and is covered by the ILHRA and ADA.

## FACTUAL ALLEGATIONS

9.     Ms. Wong began employment with FlightStar on or about November 9, 2017.

10.    Plaintiff is a disabled veteran with various medical issues.  Her medical issues are considered disabilities under both the ILHRA and ADA.

11.    Ms. Wong uprooted her life from San Francisco, California, a location of temperate weather to Champaign, Illinois, a location of severe cold weather.  Such severe cold weather exacerbated Ms. Wong's idiopathic urticaria, one of her disabilities, causing her to scratch herself incessantly to the point where she was bleeding, and the incessant itching and scratching also interrupted her sleep on a nightly basis and caused her insomnia.

12.    To stem the idiopathic urticaria, Ms. Wong surrendered to taking Benadryl.  However, this medication caused drowsiness, disequilibrium, disrupted her REM sleep, caused fatigue during the day, and memory loss.  The secondary side effects of this medication and lack of sleep also included exacerbating her daily migraines and PTSD.

13.    As a result, Ms. Wong's work performance was sub-par according to her weekly meetings with her new boss, Mr. William "Bill" Giannetti.

14.    Recognizing that her medical issues were interfering with her ability to perform at her best, Ms. Wong filed a Reasonable Accommodation (RA) request under the ILHRA and ADA.

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 3

## EXHIBIT A

15.   Ms. Wong emailed her request to the Human Resources Director, Anita Rattonetti on January 12, 2018. Please see Exhibit B. Ms. Rattonetti stated that she would speak with Mr. Giannetti that coming Monday, January 15, 2018. Prior to this date, Plaintiff did not disclose to Defendant that she was disabled.

16.   Ms. Wong met with Ms. Rattonetti regarding the RA request on or about January 18, 2018. During this meeting, Ms. Rattonetti stated that this was her first RA request she had ever received and asked Ms. Wong what she needed for RA.

17.   Ms. Wong explained to Ms. Rattonetti that she was very fatigued because of her disabilities and not performing to the best of her ability. Ms. Wong stated that she just needed four additional months past her probation period to get her symptoms under control and to adjust to the new job. She just needed more time to get the routine flight attending work procedures down and into her muscle memory so she could do them by heart even when she was fatigued by her disabilities. This way, she would not fail to do them as Mr. Giannetti complained in his weekly meetings with Ms. Wong. Ms. Rattonetti listened and said she would forward Plaintiff's request to Mr. Giannetti.

18.   Also, during the initial meeting, to expedite the processing of her request, Ms. Wong offered to give medical documentation to Ms. Rattonetti, to which Ms. Rattonetti accepted. Ms. Wong emailed the initial documentation on January 30, 2018 when her medical provider returned from vacation and then sick leave. Please see Exhibit C.

19.   However, a week had passed, and there was no response from Defendant. Thus, Ms. Wong contacted Ms. Rattonetti to inquire on the status of her RA request, to which Ms. Rattonetti responded that she had not heard from Mr. Giannetti and would get back to Plaintiff.

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 4

**EXHIBIT A**

20. Approximately another week had passed, and there was still no response so Ms. Wong contacted Ms. Rattonetti again, and she stated that she had forwarded the RA request to Mr. Giannetti but had not heard back and that she would check on it.

21. Finally, on February 13, 2018, during her initial Performance Appraisal with Mr. Giannetti, he acknowledged she had filed an RA, but still would not process it. Prior to beginning her evaluation meeting, Mr. Giannetti had Ms. Wong's RA request in his hand and continued to ignore her RA request by stating, "Let's set this aside for now," which led Plaintiff to believe he was temporarily placing it on hold and that he would address it at a later date. However, he never did. Moreover, Plaintiff never agreed to set aside her RA request.

22. Perplexed, Plaintiff continued preparing for their trip to England that would take off the very next day and thought Defendant would address her RA request when they returned on February 17, 2018.

23. Instead, upon returning from England, Mr. Giannetti immediately put Ms. Wong on leave for approximately two weeks. Ms. Wong did not ask for the leave. During this time, he still did not address her RA request, and then called her back into his office on March 2, 2018 to terminate her employment.

24. Defendant did not have any intention to process the RA request, and Defendant retaliated against Ms. Wong for filing such a request. Moreover, *after* learning that Plaintiff was disabled, Defendant terminated Plaintiff because she had disabilities.

25. In addition to violating the ILHRA and ADA, Plaintiff was subjected to a hostile work environment based on sex and religion in violation of Title VII.

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 5

**EXHIBIT A**

26.     Plaintiff was repeatedly told by Mr. Giannetti, that the Deputy Chief Pilot, Gerald Miller,

had very peculiar opinions on women and minorities and that he was conservative. Mr.

Giannetti implied that Mr. Miller believed that women and minorities were only to be in certain

places and had to behave a certain way. Plaintiff believes that this was true of Mr. Miller, but

Mr. Giannetti was also projecting his own beliefs and attitudes towards women and minorities.

27.     This resulted in Plaintiff walking on eggshells during her employment and experiencing

severe anxiety, fear/PTSD, stomach pain, and migraines.

28.     Plaintiff understood Mr. Giannetti's full meaning regarding Mr. Miller's views when Mr.

Miller said, "Fuck Muslims!" out loud during the ride to the airport in England.

29.     The irony was not lost on Plaintiff since the owner of FlightStar, Mr. Shahid Khan, is

Muslim. Plaintiff nevertheless found Mr. Miller's statement to be offensive and discriminatory.

30.     Furthermore, Plaintiff was discriminated against based on race. Plaintiff is informed and

believes that Plaintiff was terminated so that Defendant could hire a non-disabled, Caucasian

female.

31.     Plaintiff was held to a higher standard than the other non-disabled, Caucasian female

flight attendants so that Plaintiff would fail and another non-disabled, Caucasian female would

be hired into Plaintiff's position.

## COUNT I

**Violation of the ILHRA and the ADA**
**Disparate Treatment Disability Discrimination and Wrongful Termination**

32.     Plaintiff incorporates by reference all prior paragraphs.

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK
ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS
ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL
RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 6

## EXHIBIT A

33. Defendant violated the ILHRA and the ADA when it terminated Plaintiff after it learned that she was disabled.

34. Both the ILHRA and ADA prohibit employers from terminating employees for being disabled.

35. The ILHRA at 775 ILCS 5/1-102 states:

> "Declaration of Policy. It is the public policy of this State:
> (A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations."

36. The ADA at 42 U.S.C. Sec. 12112. states:

> "Discrimination
>
> (a) General rule
>
> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

37. In this case, Defendant learned that Plaintiff was a disabled veteran when she gave medical documentation to such on January 30, 2018. Please See Exhibit C.

38. Plaintiff's disabilities are recognized as disabilities under the ADA and ILHRA.

39. Plaintiff has a history of disabilities. Please See Exhibit D.

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 7

## EXHIBIT A

1   40.   Plaintiff was qualified for the position as evidenced by the fact that she graduated

2   from Beyond and Above's Corporate Flight Attendant's Training Program and was hired

3   by Defendant *before* they learned of her disabilities.

4

5   41.   Plaintiff received a positive Performance Appraisal on February 13, 2018.  Please

6   See Exhibit E.

7   42.   Plaintiff was then subsequently terminated approximately four weeks later after

8   providing her disability documentation to Defendant.

9   43.   Defendant put Plaintiff on leave for two of the four weeks, for which Plaintiff did

10  not ask.

11

12  44.   Plaintiff asked Defendant why she was being terminated and Defendant gave her

13  an ambiguous answer, "We're heading in another direction."

14  45.   Plaintiff also asked Defendant if it was because she did something wrong to

15  offend the owner, Mr. Shahid Khan, and Defendant replied, "No, no.  He hasn't

16
    complained about anything you've done.  We're just heading in another direction."
17

18  46.   Plaintiff is informed and believes that Defendant replaced Plaintiff with another

19  female who is not disabled.

20  47.   Thus, Defendant violated the ILHRA and ADA and discriminated against

21  Plaintiff when Defendant terminated Plaintiff after Defendant was informed that she was

22
    a disabled person.
23

24  48.   WHEREFORE, Plaintiff prays for judgment as set forth below:

25

26

27  COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK
    ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS
28  ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL
    RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 8

## EXHIBIT A

**COUNT II**
**Violation of the ILHRA and the ADA**
**Failure to Accommodate and Wrongful Termination**

49.    Plaintiff incorporates by reference all prior paragraphs.

50.    Defendant discriminated against Plaintiff and violated the ILHRA and the ADA when Defendant failed to accommodate Plaintiff.

51.    Both the ILHRA and ADA require employers, "to provide reasonable accommodation to qualified individuals with disabilities who are employees unless to do so would cause undue hardship."[1] "An employer's failure to make reasonable accommodation for an otherwise qualified disabled employee constitutes discrimination under the ADA, which states, in pertinent part: The term "discriminate" includes·····(5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability····42 U.S.C. § 12112(b) (".

52.    In addition, "An employer should respond expeditiously to a request for reasonable accommodation. If the employer and the individual with a disability need to engage in an interactive process, this too should proceed as quickly as possible.[2] Similarly, the employer should act promptly to provide the reasonable accommodation. Unnecessary delays can result in a violation of the ADA."[3]

---

[1] EEOC Notice 915.002 (Oct. 17, 2002)
[2] See *Dalton v. Subaru-Isuzu Automotive, Inc.,* 141 F.3d 667, 677, 7 AD Cas. (BNA) 1872, 1880 (7th Cir. 1998)
[3] EEOC Notice 915.002 (Oct. 17, 2002)
COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 9

**EXHIBIT A**

53. Moreover, "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations. Hunphrey v. Memorial Hospitals Assoc., 239 F.3d 1128 (9th Cir.2001) (citing Barnett v. U.S. Air, 228 F.3d 1105, 1114 (9th Cir.2000)." Wells v. Mutual of Enumclaw, 2005 WL 2035066, *6 (D.Idaho,2005); See also, Gilbert v. City of St. Charles L, 182151, *8 -9 (N.D.Ill.,1999) ("Once an employer knows of an employee's disability and the employee has requested reasonable accommodations, the ADA and its implementing regulations require that the parties engage in an interactive process to determine what precise accommodations are necessary ···· Liability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown [in the process]. But where ··· the employer does not obstruct the process, but instead makes reasonable efforts both to communicate with the employee and provide accommodations based on the information it possessed, ADA liability simply does not follow."

54. However, in this case, Defendant violated the ILHRA and ADA and discriminated against Plaintiff because Defendant did not process Plaintiff's RA request at all. Defendant refused to process Plaintiff's RA Request by simply ignoring it despite the fact the Plaintiff was a disabled employee who was also a qualified individual.

55. The question whether Plaintiff's RA request was reasonable or whether it caused undue hardship was not addressed because Defendant refused to engage in the mandatory interactive process, which was triggered when the Plaintiff submitted her RA request. Plaintiff wanted to

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 10

## EXHIBIT A

engage with Defendant regarding her RA request, and she was open to other RA ideas. Thus, those questions should be ruled in favor of Plaintiff.

56.     Moreover, the Defendant discriminated against Plaintiff because Defendant did not respond expeditiously as required by the AD and ILHRA. Defendant had plenty of time to respond, but instead, Defendant sat on Plaintiff's RA request. The RA request still was not processed on the day of her termination.

57.     Furthermore, Defendant discriminated against Plaintiff because Defendant was aware of Plaintiff's need for a RA but refused to engage in the mandatory interactive process. Defendant intentionally obstructed the interactive process by ignoring her RA request and did not make any reasonable efforts to communicate with Plaintiff nor provide any RA. Therefore, Defendant discriminated against Plaintiff because Defendant was responsible for the breakdown of the requisite interactive process.

58.     Thus, Defendant discriminated against Plaintiff by failing to accommodate Plaintiff's RA request. Defendant tried to circumvent the ILHRA and ADA by refusing to process Plaintiff's RA request, and Plaintiff respectfully asks this Court to *not* allow the Defendant to do such a thing because it undermines the ILHRA, ADA, and this Court's existence.

59.     WHEREFORE, Plaintiff prays for judgment as set forth below:

## COUNT III
### Violation of the ILHRA and the ADA
### Retaliation and Wrongful Termination

60.     Plaintiff incorporates by reference all prior paragraphs.

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 11

## EXHIBIT A

61.     Defendant violated the ILHRA and the ADA when Defendant retaliated against Plaintiff for filing her RA request, which is protected ILHRA and ADA activity.

62.     "Retaliation occurs when an employer takes a materially adverse action because an individual has engaged, or may engage, in activity in furtherance of the EEO laws the Commission enforces.[4] Each of the EEO laws prohibits retaliation and related conduct: Title VII of the Civil Rights Act of 1964 (Title VII),[5] the Age Discrimination in Employment Act (ADEA),[6] Title V of the Americans with Disabilities Act (ADA),[7] Section 501 of the Rehabilitation Act (Section 501),[8] the Equal Pay Act (EPA),[9]and Title II of the Genetic Information Nondiscrimination Act (GINA).[10] These statutory provisions prohibit government or private employers, employment agencies, and labor organizations[11] from retaliating because an individual engaged in "protected activity."[12] Generally, protected activity consists of either participating in an EEO process or opposing conduct made unlawful by an EEO law."[4]

63.     "The [Illinois] Human Rights Act also defines retaliation as a civil rights violation, noting: No. 1-14-0821 - 11 - "*** It is a civil rights violation for a person, or for two or more persons to conspire, to: (A) Retaliation. Retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in elementary, secondary, and higher education, discrimination based on citizenship status in employment, because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding or hearing

_____

[4] EEOC Notice 915.004, Augaust 25, 2016.
COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 12

**EXHIBIT A**

under this Act, or because he or she has requested, attempted to request, used, or attempted to use a reasonable accommodation as allowed by this Act." 775 ILCS 5/6-101(A) (West 2015).

64.     In this case, Plaintiff filed a Reasonable Accommodation request with Defendant on January 12, 2018, which is protected ILHRA and ADA activity.

65.     Defendant never responded to Plaintiff's RA request nor participated in the mandatory interactive process.

66.     Four weeks after receiving Plaintiff's medical documentation, Defendant terminated Plaintiff.

67.     Out of those four weeks, Defendant put Plaintiff on leave for two weeks when Plaintiff did not ask for it.

68.     Non-disabled employees who did not file RA requests were not terminated.

69.     When Plaintiff asked Defendant why she was being fired, Defendant gave an ambiguous answer, "We're heading in another direction."

70.     When Plaintiff asked Defendant if she did anything wrong to the Principal, Mr. Khan, Defendant said that she did not.

71.     Thus, Defendant illegally retaliated against Plaintiff.

72.     WHEREFORE, Plaintiff prays for judgment as set forth below:

## COUNT IV
### Violation of the ILHRA and Title VII of the Civil Rights Act of 1964, as amended
### Discrimination based on Race

73.     Plaintiff incorporates by reference all prior paragraphs.

74.     Defendant discriminated against Plaintiff by terminating her based on her race.

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 13

## EXHIBIT A

75. Both the ILHRA and Title VII prohibit employers from discriminating against employees based on race, sex, national origin, religion, and color.

76. Plaintiff is a member of the protected class based on race (Asian).

77. Plaintiff was qualified for the position as evidenced by the fact that she graduated from Beyond and Above Corporate Flight Attendant Training School as well as being initially hired by Defendant.

78. Plaintiff received a positive Performance Evaluation on February 13, 2018, approximately two weeks prior to being illegally terminated by Defendant on March 2, 2018.

79. Plaintiff asked Defendant why she was being terminated and Defendant gave her an ambiguous answer, "We're heading in another direction."

80. Plaintiff also asked Defendant if it was because she did something wrong to offend the owner, Mr. Shahid Khan, and Defendant replied, "No, no. He hasn't complained about anything you've done. We're just heading in another direction."

81. Plaintiff is informed and believes a Caucasian female, not a member of a protected class, was hired to replace Plaintiff.

82. WHEREFORE, Plaintiff prays for judgment as set forth below:

## COUNT V
**Violation of the ILHRA and Title VII of the Civil Rights Act of 1964, as amended**
**Hostile Work Environment based on Sex and Religion**

83. Plaintiff incorporates by reference all prior paragraphs.

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 14

## EXHIBIT A

84.     Defendant discriminated against Plaintiff by creating a Hostile Work Environment based on sex and religion.

85.     Both the ILHRA and Title VII of the Civil Rights Act prohibit employers from discriminating against employees based on race, sex, national origin, religion, and color.

86.     For Count V, Plaintiff is a member of two protected classes: sex (Female) and religion (Unitarian Universalism).

87.     Plaintiff was subjected to unwelcome verbal comments, attitudes, and perceptions involving the protected classes.  Plaintiff was basically told she had to behave like a woman, which Plaintiff found to be sexist.  Plaintiff also found Mr. Miller's statement, "Fuck Muslims!" to be religiously offensive because she is a Unitarian Universalist who respects all religions.

88.     The unwelcome comments, attitudes, and perceptions had the effect of unreasonably interfering with the Plaintiff's work performance and creating an intimidating, hostile, or offensive working environment.  Plaintiff walked on eggshells during her employment with Defendant and suffered severe stomach pains, increased anxiety and fear/PTSD, severe idiopathic urticaria, insomnia, and migraines.

89.     Employer knew of this offensive conduct because they participated in it or were complicit with it by not correcting it.

90.     WHEREFORE, Plaintiff prays for judgment as set forth below:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief from this Court, as follows:

COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 15

## EXHIBIT A

1   a. Compensatory damages in whatever amount in excess of $75,000.00 exclusive of costs and

2   interest, that Plaintiff is found to be entitled;

3   b. Punitive/exemplary damages against Defendant in whatever amount, exclusive of costs and

4   interest, that Plaintiff is found to be entitled;

5

6   c. An order placing Plaintiff in the position that she would have been in had there been no violation

7   of her rights;

8   d. An award of interest, costs, and reasonable attorney fees;

9   e. Such other and further relief the Court deems appropriate.

10

11

12                                      Respectfully Submitted,

13

14   Dated: March 11, 2019                         *S/ Connie Wong*

15                                    CONNIE WONG

16                                    941 E. Golf Road, #4
                                   Arlington Heights, IL 60005

17                                    Tel.: 312.833.0799
                                   conwon168@gmail.com

18                                    *Plaintiff in Pro Per*

19

20

21

22

23

24

25

26

27   COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK
    ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS

28   ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL
    RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 16

## EXHIBIT A

1

## CERTIFICATE OF SERVICE (E-FILE)

2

I hereby certify that on March 11, 2019, I electronically filed the above document(s) with

3   the Clerk of the Court using the ECF System, which will provide electronic copies to

4   Defendant or its representative.

5
                                        *S/ Connie Wong*
6

7                                        CONNIE WONG
                                        941 E. Golf Road, #4
8                                        Arlington Heights, IL 60005
                                        Tel.: 312.833.0799
9                                        conwon168@gmail.com

10                                       *Plaintiff in Pro Per*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   COMPLAINT OF DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION, HOSTILE WORK
     ENVIRONMENT, WRONGFUL TERMINATION, AND VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS
28   ACT ("ILHRA"), THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND TITLE VII OF THE CIVIL
     RIGHTS ACT OF 1964, AS AMENDED ("TITLE VII")DEMAND FOR JURY TRIAL - 17

## EXHIBIT A

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

A

To:    Connie O. Wong
       941 E Golf Rd
       Apt 4
       Arlington Heights, IL 60005

From:   Chicago District Office
        500 West Madison St
        Suite 2000
        Chicago, IL 60661

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTiAL (29 CFR §1601.7(u)) |
|--|--|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|--|--|--|
| 440-2018-07693 | Robert Shelton, Investigator | (312) 869-8078 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____                    12/12/18
        Julianne Bowman,                           (Date Mailed)
        District Director

Enclosures(s)

cc:    Shahid Khan
       Owner
       THE FLIGHTSTAR CORP
       7 Airport Rd
       Savoy, IL 61874



EXHIBIT A

**EXHIBIT A**

 Gmail

Connie Wong <conwon168@gmail.com>



## Reasonable Accommodation Request

**Connie Wong** <conwon168@gmail.com>                                    Fri, Jan 12, 2018 at 3:40 PM
To: Anita Rattonetti <Anita@flightstar.com>

Hi Anita!  Dropped by your office today around 3pm but it was probably your day off :-)

I am writing to request Reasonable Accommodation per the ADA.  Please let me know what paperwork I need to fill out?
Thank you!  Connie Wong



EXHIBIT B

**EXHIBIT A**

 Gmail

**Connie Wong <conwon168@gmail.com>**

---

## letter for accommodation

**Connie Wong** <conwon168@gmail.com>
To: Anita Rattonetti <Anita@flightstar.com>

Tue, Jan 30, 2018 at 2:56 PM

Hi Anita!  Please let me know if this is sufficient.  Thanks!  Connie

C-1

---

📄 **CW-Letter.pdf**
  647K

EXHIBIT C-1

**EXHIBIT A**



## San Francisco Vet Center
505 Polk Street
San Francisco, CA 94102
Tel: (415) 441-5051



"Keeping the Promise"

C-2

January 29, 2018

Flight Star Corp.
7 Airport Road
Savoy, IL 61874
Attn: Anita Rattonetti.
Re; Connie Wong

Sir/Madam,

I'm the Director for the San Francisco Vet Center and have worked with hundreds of U.S. Veterans readjusting back to civilian life for the past 12 years with their mental health disabilities. This letter is in regards to Ms. Wong, she has been seen by me at the San Francisco Vet Center for the past for 5 year for her Service Connected Related Military Disabilities, because of those disabilities there is a need for a longer time to adjusting to new employment position. Stress plays a significant role in her daily tasking abilities not only does she have mental health disabilities there are a couple of physical abilities that interfere at times. She struggles with insomnia and migraine headaches that can affected her memory, concentration at times and focusing on the present assignment. It has been my observation, she doesn't give up easily, in fact, she makes every effort to complete her goals. It is obvious by her completion of two law degrees and many devoted years of military service to her Country, she can hold this position but needs more time to adjust and train herself to this new type of job because she has a larger learning skill. I recommend an additional 120 days for her to become adjusted to the required work load. If you have any questions, please contact me at the above phone number.

Sincerely,

*Elizabeth Fleming, LMFT*
Director of San Francisco Vet Center

EXHIBIT C-2

**EXHIBIT A**



**DEPARTMENT OF VETERANS AFFAIRS**
**810 Vermont Ave NW**
**Washington, D.C. 20420**

March 11, 2019

Connie O Wong
941 E Golf Rd Apt 4
Arlington Heights, IL 60005

In Reply Refer to:
xxx-xx-5881
27/eBenefits

Dear Ms. Wong:

This letter is a summary of benefits you currently receive from the Department of Veterans Affairs (VA). We are providing this letter to disabled Veterans to use in applying for benefits such as state or local property or vehicle tax relief, civil service preference, to obtain housing entitlements, free or reduced state park annual memberships, or any other program or entitlement in which verification of VA benefits is required. Please safeguard this important document. This letter is considered an official record of your VA entitlement.

Our records contain the following information:

## Personal Claim Information

Your VA claim number is: xxx-xx-5881

You are the Veteran.

*D-1*

## Military Information

Your most recent, verified periods of service (up to three) include:

| **Branch of Service** | **Character of Service** | **Entered Active Duty** | **Released/Discharged** |
|---|---|---|---|
| Air Force | Honorable | September 05, 1994 | August 31, 2004 |

(There may be additional periods of service not listed above.)

## VA Benefit Information

**You have one or more service-connected disabilities:**                    Yes

You should contact your state or local office of Veterans' affairs for information on any tax, license, or fee-related benefits for which you may be eligible. State offices of Veterans' affairs are available at http://www.va.gov/statedva.htm.

## How You Can Contact Us

• If you need general information about benefits and eligibility, please visit us at https://www.ebenefits.va.gov or http://www.va.gov.
• Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.
• Ask a question on the Internet at https://iris.custhelp.va.gov.

Sincerely,

EXHIBIT D-1

## EXHIBIT A

Michael J. Frueh
Executive Director
Benefits Assistance Service



EXHIBIT D-2

**EXHIBIT A**



## Performance Appraisal



| Name | Connie Wong | Hire Date | 11/13/17 |
|------|-------------|-----------|----------|
| Department | Flight Operations | Date | 2/13/18 |

### Definition Of Performance Level Ratings

1 = Overall work does not meet the minimum job standards
2 = Sometimes meets the job standards and expectations
3 = Meets the job standards and expectations
4 = Consistently exceeds job standards and expectations
5 = Far exceeds job standards and expectations

| JOB SKILLS & KNOWLEDGE | PERFORMANCE LEVEL |
|------------------------|-------------------|
| 1. Has practical, technical & professional skills required to do the job | 1 (2) 3 4 5 N/A |
| 2. Has sufficient knowledge of the position to make informed decisions within the scope of responsibility | 1 (2) 3 4 5 N/A |
| 3. Keeps up to date with best practices & new developments | 1 2 (3) 4 5 N/A |
| 4. Sets precise, measurable goals that are realistic, challenging and compatible with company goals | 1 2 (3) 4 5 N/A |
| 5. Manages time effectively | 1 2 (3) 4 5 N/A |
| 6. Anticipates problems and plans accordingly; versus reacts | 1 2 (3) 4 5 N/A |
| 7. Able to prioritize work | 1 2 (3) 4 5 N/A |
| 8. Identifies & implements cost reductions measures without detracting from service, operational or quality level | 1 2 (3) 4 5 N/A |

| PROBLEM SOLVING | PERFORMANCE LEVEL |
|-----------------|-------------------|
| 1. Observes early signs of changing conditions and responds effectively | 1 2 (3) 4 5 N/A |
| 2. Offers creative & effective solutions | 1 2 (3) 4 5 N/A |
| 3. Uses all available & appropriate resources, including employees | 1 2 (3) 4 5 N/A |
| 4. Follows up to ensure that appropriate actions have been taken | 1 2 (3) 4 5 N/A |
| 5. Open to new ideas, allows & supports employees to make decisions | 1 2 (3) 4 5 N/A |

EXHIBIT E-1

**EXHIBIT A**



| COMMUNICATIONS | PERFORMANCE LEVEL |
|---|---|
| 1. Presents ideas & information in a concise, well organized way | 1  2  ③  4  5  N/A |
| 2. Listens; concentrates on information presented; takes action | 1  ②  3  4  5  N/A |
| 3. Informs supervisor, peers & employees in a timely manner | 1  2  ③  4  5  N/A |

| TEAMWORK | PERFORMANCE LEVEL |
|---|---|
| 1. Works effectively with other crew members | 1  ②  3  4  5  N/A |
| 2. Works effectively with the Scheduling Office | 1  2  ③  4  5  N/A |
| 3. Is effective in promoting strong working relationships | 1  ②  3  4  5  N/A |
| 4. Participate in activities to foster an effective crew atmosphere | 1  ②  3  4  5  N/A |
| 5. Sets a positive example for the crew | 1  2  ③  4  5  N/A |

| CUSTOMER SERVICE | PERFORMANCE LEVEL |
|---|---|
| 1. Takes initiative to inquire about customer needs & opinions | 1  2  ③  4  5  N/A |
| 2. Interacts with clients effectively | 1  2  ③  4  5  N/A |
| 3. Effectively handles & responds to client requests and complaints | 1  2  ③  4  5  N/A |

| COMMENTS |
|---|
| We have debriefed trips individually and discussed areas requiring change or improvement. |
| Your response to the debriefs has been good and you continue to learn how we do things and assimilate into |
| our culture at Flightstar. |
| |
| The majority of the initial issues have been discussed and solved.  I think there is still room for improvement |
| especially in the area or working with the individual Captains and gaining their respect.  This |
| is more of an indivudal, personality compatibility issue than a job skill or competency problem. |
| |
| I have had no feedback from Shad on your job performance to date.  I expect that will come in the next few |
| months now that the NFL season is over. |
| |

EMPLOYEE SIGNATURE: _____   DATE: 2/13/18

REVIEWER SIGNATURE: _____   DATE: 2/13/18

